**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Robert Overton, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-01110-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

On April 13, 2005, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action to vacate, set aside, or correct his guilty plea and sentence. On August 12, 2005, the government moved for summary judgment. On August 12, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On August 31, 2005, the petitioner filed his opposition to the government's motion for summary judgment. This matter is now before the Court for disposition.

**I. BACKGROUND AND PROCEDURAL HISTORY**

The investigation in the petitioner's case focused on a drug conspiracy that began in 1986. On April 23, 2003, a federal grand jury charged the petitioner and twenty-nine other defendants in a twelve count indictment. Count 1 charged the petitioner with conspiracy to possess with intent to distribute and distribution in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§841(b)(1)(A) and 846. On July 10, 2003, the petitioner pled guilty to Count 1. The petitioner stipulated to a base offense level of 38 based on his responsibility for 18.5 kilograms of crack cocaine. On March 10, 2004, the Court sentenced the petitioner to 168

months in prison followed by 5 years supervised release and a $100.00 special assessment.  On March 12, 2004, the Court entered judgment.  The petitioner did not appeal his conviction.

In his §2255 motion, the petitioner alleges the following grounds of error: (1) trial counsel was ineffective, (2) his sentencing violated Booker, (3) he is actually innocent, and (4) he never pled guilty.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner alleges that his trial counsel was ineffective because: (1) the trial court incorrectly computed his criminal history, and (2) the trial court improperly overruled the petitioner's objections to his pre-sentence report.

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell

below an objective standard of reasonableness. Id. at 687-88. Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice. The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a conviction following a guilty plea, a petitioner must show that there is reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366 (1985). With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

### A. IMPROPER CRIMINAL HISTORY CALCULATION AND SENTENCE ENHANCEMENT

The petitioner alleges that the trial court incorrectly computed his criminal history because his prior convictions are related and should be treated as one transaction. The petitioner claims that he is not a career criminal and his sentence was improperly enhanced.

On February 23, 2004, the petitioner agreed to plea guilty to Count 1 of the indictment. In his presentence report, the petitioner was held accountable for 18.5 kilograms of crack cocaine based on the testimony of co-conspirators. The base offense level for 18.5 kilograms of crack cocaine is 38. Paragraph 10 of the plea agreement signed by the petitioner states "the Attorneys for the Government and [petitioner] stipulate and agree that the quantity of cocaine base . . . is in excess of the amount necessary to establish a base offense level of 38 for purposes of calculating the [petitioner's] sentence pursuant to the United States Sentencing Commission Guidelines U.S.S.G. §2D1.1."

On August 30, 1991, the petitioner was convicted of purchasing more than one pistol in a

thirty day period.  On July 29, 1992, the petitioner was convicted of disorderly conduct and assault and battery of a female companion at the North Myrtle Beach City Complex.  On January 7, 1993, the petitioner was convicted of distribution of crack cocaine and grand larceny of six motorcycles.  On August 22, 1993, the petitioner was convicted of assault and battery of a high and aggravated nature.  On June 15, 1998, the petitioner was convicted of receiving a stolen firearm.  On November 3, 1998, the petitioner was convicted of littering and driving with a suspended license. On May 21, 1999, the petitioner was convicted of driving with a suspended license and failing to yield.  On August 25, 1999, the petitioner was convicted of unlawful carrying of a pistol, domestic violence, and trespassing.  On June 6, 2000, the petitioner was convicted of malicious injury to property.  On June 29, 2000, the petitioner was convicted of operating a motorcycle in a reckless manner.  The petitioner was not assessed criminal history points for each conviction.  Based on these prior convictions, the petitioner had a sub-total criminal history score of 12, which results in a criminal history category of V.

   The petitioner argues that because the indictment for drug conspiracy dates back to 1986, his previous convictions are related and, therefore, should not have been considered for purposes of criminal history computation and sentence enhancement.  The Fourth Circuit has consistently rejected the argument that enhancements based on the same or closely related facts constitute impermissible "double counting."  <u>United States v. Wilson</u>, 198 F.3d 467, 472 (4th Cir. 1999); <u>United States v. Crawford</u>, 18 F.3d 1173, 1178-80 (4th Cir. 1994)(enhancements to base offense level and criminal history score based on same convictions not impermissible to double, or triple counting). The petitioner's state conviction for distribution of crack cocaine in paragraph 33 of his presentence report is not related to the federal conviction for conspiracy because each drug

sale constituted a complete and final transaction.  See United States v. Letterlough, 63 F.3d 332, 337 (4th Cir. 1995).  In addition, his conviction for assault and battery of a high and aggravated nature on August 22, 1993, as set forth in paragraph 34, was not related to petitioner's federal conviction for drug conspiracy.

Because of these two prior convictions, the petitioner qualified as a career offender pursuant to the United States Sentencing Commission Guidelines Section 4B.1, thus enhancing his criminal history category to VI.  Based on a total offense level of 35 and a criminal history category of VI, the petitioner faced a guideline imprisonment range of 292-365 months.  At sentencing, the Court granted the government's motion for downward departure and sentenced the prisoner to 168 months in prison, followed by 5 years supervised release and a special assessment of $100.00.

The petitioner fails to demonstrate that calculation of his criminal history category prejudiced him.  He also fails to show prejudice from the career criminal enhancement.  His allegations regarding sentencing are without merit.

## B.  FAILURE TO OBJECT

The petitioner alleges that trial counsel failed to object to paragraphs 9, 19, 31, 33, 34, 38, 46, 50, 51, 53, 54, 56, and 62 of the petitioner's pre-sentence report despite the petitioner's instructions to object.  On September 8, 2005, trial counsel filed an affidavit stating that she did prepare the objections pursuant to the petitioner's instructions.  A review of the petitioner's presentence report shows that trial counsel objected to paragraphs 31, 38, 46, 50, and 51.

In her affidavit, trial counsel states that she did not object to paragraph 9 because she and the petitioner agreed that an objection would be imprudent in light of the sentencing guidelines.

Paragraph 9 of the petitioner's presentence report attributes the sale of 18 kilograms of crack cocaine to the petitioner from Dirk Price over a two year period. Dirk Price told the police that for one year he sold the petitioner one ounce of cocaine on a nearly daily basis for $900.00 per ounce and that for a second year he sold the petitioner nine ounces of cocaine weekly for $900.00 per ounce. The petitioner alleges that Price's statements were false. However, he sets forth no evidence in support of his self-serving allegation. Four other persons told police that they sold the petitioner over 923 grams of crack cocaine. In addition, paragraph 10 of the plea agreement signed by the petitioner states "the Attorneys for the Government and [petitioner] stipulate and agree that the quantity of cocaine base . . . is in excess of the amount necessary to establish a base offense level of 38 for purposes of calculating the [petitioner's] sentence pursuant to the United States Sentencing Commission Guidelines U.S.S.G. §2D1.1." The petitioner fails to show that paragraph 9 prejudiced him.

In her affidavit, trial counsel states that she did not object to paragraph 19 because she and the petitioner agreed that an objection would be imprudent in light of the sentencing guidelines. Paragraph 19 of the petitioner's presentence report establishes a base offense level of 38 and holds the petitioner accountable for 18.5 kilograms of crack cocaine. Paragraph 10 of the plea agreement signed by the petitioner states "the Attorneys for the Government and [petitioner] stipulate and agree that the quantity of cocaine base . . . is in excess of the amount necessary to establish a base offense level of 38 for purposes of calculating the [petitioner's] sentence pursuant to the United States Sentencing Commission Guidelines U.S.S.G. §2D1.1." The petitioner fails to show that paragraph 19 prejudiced him.

Paragraph 31 of the petitioner's presentence report lists a 1992 conviction for assault and

battery of a female companion on the grounds of the North Myrtle Beach City Complex. Trial counsel prepared an objection to the statement that the defendant was shouting and threatening the female. The probation officer responded that Officer Miller was an eyewitness who wrote the incident report. The petitioner's objection was overruled. He has not shown that trial counsel failed to prepare an objection, and he has not shown that paragraph 31 prejudiced him.

In her affidavit, trial counsel states that she did not object to paragraph 33 because she and the petitioner agreed that an objection would be imprudent in light of the sentencing guidelines. Paragraph 33 of the petitioner's presentence report lists a 1993 criminal conviction for distribution of crack cocaine. The petitioner argues that this conviction is related and therefore should not have been considered for career criminal purposes. The petitioner's convictions are not related because each drug sale constituted a complete and final transaction. See United States v. Letterlough, 63 F.3d 332, 337 (4th Cir. 1995). In Letterlough, the defendant's two sales of cocaine to a police officer on a single evening were held to be separate offenses for purposes of the ACCA, though the drug sales were separated by only 90 minutes. Id. The petitioner's allegation is without merit, and he has not shown prejudice.

In her affidavit, trial counsel states that she did not object to paragraph 34 because she and the petitioner agreed that an objection would be imprudent in light of the sentencing guidelines. Paragraph 34 of the petitioner's presentence report lists a 1994 criminal conviction for assault and battery of a high and aggravated nature. The petitioner claims that this prior conviction cannot be considered for sentence career offender enhancement purposes because his probation for the offense ended in 1998. The petitioner cites no law in support of this claim. Pursuant to United States Sentencing Guideline §4B1.1, this prior conviction may be considered in determining

whether the petitioner is a career offender and subject to criminal history category enhancement. Therefore, the petitioner's claim is without merit, and he fails to show that paragraph 34 of the presentence report prejudiced him.

Trial counsel prepared an objection of paragraph 38 of the presentence report, which lists the defendant's 1999 conviction for unlawfully carrying a pistol, criminal domestic violence, and trespassing. The petitioner objected to the facts, which stated that the petitioner entered the victim's house without consent and assaulted her. The petitioner states that he had a key to the residence and therefore he did not enter the house without the victim's consent. The petitioner also stated that he was not in possession of a gun. The probation officer stated that the arrest warrants and investigative report detailed the incidents as described in the presentence report. The petitioner's objection was overruled. The petitioner fails to show that his trial counsel did not prepare an objection to paragraph 38 or that paragraph 38 prejudiced him.

In her affidavit, trial counsel states that she did not object to paragraph 46 because she and the petitioner agreed that an objection would be imprudent in light of the sentencing guidelines. Paragraph 46 of the presentence report lists the defendant's 1992 burglary and grand larceny of Graham's Automotive. The petitioner and an accomplice broke into Graham's Automotive and took 5 cars. All counts were noelle prossed. The petitioner fails to state what objection to paragraph 46 should have been made. Paragraph 46 did not contribute to the petitioner's offense level or criminal history. Therefore, his allegation is without merit, and he is unable to show prejudice.

Trial counsel prepared an objection to paragraph 50 of the presentence report, which lists the defendant's 1999 indictment for burglary. The petitioner objected to the facts, which stated

that the petitioner entered the victim's house without consent and with intent to commit a deadly crime, evidenced by his carrying of a deadly weapon. Trial counsel stated that petitioner had a key to the residence; and therefore, he did not enter the house without the victim's consent. The petitioner also claimed that he was not in possession of a gun. The probation officer stated that the arrest warrants and investigative report detailed the incidents as described in the presentence report. The petitioner's objection was overruled. The burglary count was noelle prossed. Paragraph 50 did not contribute to the petitioner's offense level or criminal history. The petitioner fails to show that his trial counsel did not prepare an objection to paragraph 50 or that paragraph 50 prejudiced him.

Trial counsel prepared an objection of paragraph 51 of the presentence report, which lists a charge brought in 2000 for driving under suspension. The petitioner objected to the facts, and trial counsel stated that the paragraph should be removed because the petitioner was found not guilty. The objection was overruled. Paragraph 51 did not contribute to the petitioner's offense level or criminal history. The petitioner fails to show that his trial counsel did not prepare an objection to paragraph 51 or that paragraph 51 prejudiced him.

The petitioner claims that counsel failed to object to paragraph 53 of the presentence report. In her affidavit, trial counsel states that she prepared an objection according to his instructions. Paragraph 53 states:

> [The petitioner], age 33, was born on February 6, 1970[,] in Windfall, North Carolina[,] to Robert Overton and Mary Riddick. His parents were never married. His father is a mechanic and resides in Windfall, North Carolina. His mother is employed at Lowe's and resides in Longs, South Carolina. His mother married Richard Stockdale in 1971[,] and they divorced after 11 years. His mother later married Ralph Stanley in 1983[,] and the marriage remains intact.

Paragraph 53 did not contribute to the petitioner's offense level or criminal history. The

petitioner fails to show that paragraph 53 prejudiced him.

The petitioner claims that counsel failed to object to paragraph 54 of the presentence report.  In her affidavit, trial counsel states that she prepared an objection according to his instructions.  Paragraph 54 states:

> The defendant lived in New York, North Carolina, and South Carolina.  He was primarily raised by his mother in a low income environment.  He indicated [that] although his mother was strained financially, she was able to provide for his basic needs.  He related [that] his father never provided financial support to help them.

Paragraph 54 did not contribute to the petitioner's offense level or criminal history.  The petitioner fails to show that paragraph 54 prejudiced him.

The petitioner claims that counsel failed to object to paragraph 56 of the presentence report.  In her affidavit, trial counsel states that she prepared an objection according to his instructions.  Paragraph 56 states: "The defendant stated [that] he would stay with his father in the summer months and [that] his father would physically abuse him with spark wires, drop cords, and even his fist.  He indicated this occurred from age [3] to age 12.  He [stated that] he never received counseling for the abuse."  Paragraph 56 did not contribute to the petitioner's offense level or criminal history.  The petitioner fails to show that paragraph 56 prejudiced him.

The petitioner claims that counsel failed to object to paragraph 62 of the presentence report.  In her affidavit, trial counsel states that she prepared an objection according to his instructions.  Paragraph 62 states:

> The defendant was shot in the back of his head on August 24, 1999[,] and was treated at Grand Strand Memorial Hospital.  He was released after a couple of hours.  Also, on April 25, 2003, he was involved in a car accident in Horry County, South Carolina.  He went to a chiropractor due to lower back pain and was to be treated three times per week[,] but [he] was arrested on the instant offense before his treatment began.

Paragraph 62 did not contribute to the petitioner's offense level or criminal history. The petitioner fails to show that paragraph 62 prejudiced him.

### III. BOOKER

The petitioner claims that his sentence violates United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review." Id. at 745. Subsequent to the decision in Booker, the Fourth Circuit held that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Here, the petitioner's case has run its course and his conviction and sentence became final in 2004, "before Booker was issued, and its approach therefore does not govern [this] collateral proceeding." Id. This § 2255 action is an attempt to collaterally attack his final conviction and sentence. Booker, therefore, is inapplicable to this case. The petitioner is not entitled to relief on this claim.

### IV. ACTUAL INNOCENCE

The petitioner claims actual innocence. Relief on the basis of actual innocence is available upon a showing that constitutional error probably resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478, 496 (1986). To establish actual innocence, petitioner must demonstrate that, "in the light of all evidence, . . . it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995)(quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. CHI. L. REV. 142, 160 (1970)). "It is important to note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency." Sawyer v. Whitley, 505 U.S. 333, 339 (1992).

The Court may consider any admissible evidence of petitioner's guilt, even if that evidence was not presented at trial. "In cases where the Government has foregone more serious charges in the course of plea bargaining, the petitioner's showing of actual innocence must also extend to those charges." Bousley v. United States, 523 U.S. 614, 624 (1998).

In his §2255 motion, the petitioner states, "I am actually innocent of my crime. There is an absence facts [sic] that are prerequisites for the sentence given to me. In this case, actual innocence is an exception to the cause and prejudice rule, and can result in a successful challenge to the sentence on the basis of the defendant's defense that was not presented at trial court." The petitioner fails to show that he is innocent or that, in the light of all evidence, it is more likely than not that no reasonable juror would have convicted him. The petitioner voluntarily agreed to plead guilty to Count One of the indictment. Admissible evidence consists of the petitioner's voluntary admissions and testimony of at least five witnesses, who informed the government of numerous drug transactions involving the petitioner. The petitioner's claim of actual innocence is without merit.

In his motion, the petitioner states, "I did not plead guilty to this illegal sentence. I just found that out." The record does not support this assertion. On April 13, 2005, the petitioner entered into a plea agreement, in which he voluntarily agreed to plead guilty to Count 1 of the indictment. On July 10, 2003, the petitioner entered a guilty plea before Magistrate Judge Thomas E. Rogers, III, who conducted a Rule 11 colloquy to assure that the petitioner's plea was made knowingly and voluntarily. The record does not support petitioner's assertion that he did not plead guilty, and his claim is without merit.

**V. CONCLUSION**

The petitioner fails to show that his trial counsel prejudiced him because his criminal history category was properly calculated, and his sentence was properly enhanced under the career criminal provisions of the Sentencing Guidelines.  The petitioner fails to show that the presentence report prejudiced him.  He is not entitled to relief under Booker.  In addition, the record shows that the petitioner did plead guilty, and that the Court determined on the record that the petitioner's plea was voluntary and intelligent.  The Court therefore grants the government's motion and dismisses this action with prejudice.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

February 10, 2006
Charleston, South Carolina